UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Koger, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 9:12-3248-RMG |
| vs. ) | |
| ) | |
| Carolyn Colvin, Acting Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits. In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation on November 15, 2013, recommending that the Commissioner's decision be affirmed. (Dkt. No. 21). Plaintiff filed objections to the Report and Recommendation and the Commissioner filed a reply. (Dkt. Nos. 25, 26). As set forth more fully below, the decision of the Commissioner is reversed and remanded for the Commissioner to weigh and reconcile the new and material evidence offered to the Appeals Council by Plaintiff in accordance with *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de*

*novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. 20 C.F.R. § 404.1545. This includes the duty to "evaluate every medical opinion we receive." *Id.* § 404.1527(c). Special consideration is generally given to the opinions of treating physicians of the claimant, based on the view that "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical

impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2). Under some circumstances, the opinions of the treating physicians are to be accorded controlling weight. Even where the opinions of the treating physicians of the claimant are not accorded controlling weight, the Commissioner is obligated to weigh those opinions in light of a broad range of factors, including the examining relationship, the treatment relationship, length of treatment, nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician was a specialist in the area for which she gave an opinion. *Id.* §§ 404.1527(c)(1)-(5). The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions. SSR 96-2p, 61 Fed. Reg. 34490, 34492 (July 2, 1996).

A claimant may offer relevant evidence to support his or her disability claim throughout the administrative process. Even after the Administrative Law Judge ("ALJ") renders a decision, a claimant who has sought review from the Appeals Council may submit new and material evidence to the Appeals Council as part of the process for requesting review of an adverse ALJ decision. 20 C.F.R. §§ 404.968, 404.970(b). The new evidence offered to the Appeals Council is then made part of the record.

The Social Security Regulations do not require the Appeals Council expressly to weigh the newly produced evidence and to reconcile it with previously produced conflicting evidence before the ALJ. Rather, the regulations require only that the Appeals Council make a decision

whether to review the case. If the Appeals Council grants a request for review and issues its own decision on the merits, then it is required to make findings of fact and explain its reasoning. *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011). If the Appeals Council chooses not to grant review, though, it is not required to "explain its rationale for denying review," and so there may be cases in which newly produced evidence is made part of the record for purposes of substantial evidence review but no fact finder has expressly assessed the newly produced evidence. *Id.* at 705-06.

As the Fourth Circuit explained in *Meyer*, this situation can present some difficulty for reviewing courts. To be sure, there are cases—"one-sided" cases in which the record provides an adequate explanation of the Commissioner's decision—where a reviewing court can determine whether substantial evidence supports the Commissioner's decision. *Id.* at 707. However, where "other record evidence credited by the ALJ conflicts with the new evidence," a reviewing court "simply cannot determine whether substantial evidence supports the ALJ's" decision. *Id.* In those cases, there is a need to remand the matter to the administrative agency so that a fact finder can "reconcile that [new] evidence with the conflicting and supporting evidence in the record." *Id.* After all, "[a]ssessing the probative value of the competing evidence is quintessentially the role of the fact finder." *Id.*

## Discussion

Plaintiff, a former police officer, suffered a significant spinal cord injury in a motor vehicle accident while on duty which required a C3 to C6 cervical discectomy and fusion. Since that time, Plaintiff, who was 41 years of age at the time of the motor vehicle accident, alleges that he has been disabled as a result of physical and psychological complications from this injury. An

administrative hearing was conducted before an Administrative Law Judge ("ALJ") on April 21, 2011, and the ALJ issued a decision on May 4, 2011, finding that Plaintiff was not disabled under the Social Security Act. Transcript of Record ("Tr.") at 17-25. In reaching that decision, the ALJ recognized that Plaintiff's physical and psychological impairments[1] did, in fact, limit his functioning but ultimately concluded that he still retained the residual functional capacity for sedentary work. Tr. at 20-23. Most notable for this appeal, the ALJ found that Plaintiff's testimony regarding his physical and mental limitations was "not fully credible" and referenced medical and psychiatric treatment records that indicated to the ALJ that Plaintiff's "pain level and functioning" had improved and that his mental state had improved and likely "will continue to improve." Tr. at 23.

Subsequent to the decision of the ALJ, Plaintiff exercised his right to submit to the Appeals Council new and material information regarding his claim of disability. Tr. at 493-533. Included in these records were a note from Plaintiff's treating psychiatrist, Dr. Kelly S. Barth, dated April 18, 2011, and an Independent Psychiatric Evaluation conducted by a psychiatrist, Dr. Dyana Lowndes-Rosen, dated November 21, 2011. Tr. at 494, 520-25. Dr. Barth's note indicated that Plaintiff's "functioning remains poor" and recommended consideration of longer-acting opiods for treatment of the patient's chronic pain. Tr. at 494. Dr. Lowndes-Rosen's evaluation report concluded that Plaintiff "is currently seriously and chronically depressed" and "is clearly suffering from a Mood Disorder due to Chronic Cervical and reportedly Lumbar Disc Disease." Tr. at 524. These newly submitted medical records and reports were not available to

---

[1] The ALJ found that Plaintiff's severe impairments included status-post cervical discectomy and fusion, depressive disorder, and post-traumatic stress disorder. Tr. at 19.

the ALJ when he reviewed the record and concluded that Plaintiff's claim of disabling physical and mental impairments was not "fully credible." Tr. at 21. These newly submitted records were made part of the administrative record by the Appeals Council but neither the Appeals Council nor any other adjudicator at the administrative level has weighed this new evidence and attempted to weigh and reconcile it with other evidence already in the record. Tr. at 2.[2]

In this Court's view, this is the classic *Meyer*-type situation where the evidence in the record is highly conflicted and new and material evidence has been presented and made part of the record but has gone unweighed by the Commissioner. This newly presented evidence tends to corroborate the testimony of Plaintiff regarding the degree of his impairment, and it is imperative for the fact finder to weigh the entire record, including the newly presented evidence to the Appeals Council, in reaching findings and conclusions regarding the Plaintiff's credibility and degree of impairment. As the *Meyer* court noted, "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder" and "[w]e cannot undertake it in the first instance." *Meyer v. Astrue*, 662 F.3d at 707. Therefore, reversal of the Commissioner's decision with remand to the agency to weigh and reconcile the newly presented and material evidence presented to the Appeals Council is mandated by *Meyer*.

---

[2] The Appeals Council stated that it had "considered" the additional submitted evidence and "found that this information does not provide a basis for changing the Administrative Law Judge's decision." Tr. at 2. This type of conclusory statement does not provide the reviewing court sufficient information regarding the weight accorded this new evidence or how that information was reconciled with the supporting and conflicting information in the record. Without such information, the reviewing court is unable to conduct a proper review.

## Conclusion

Based upon the foregoing, the Court hereby **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further proceedings consistent with this opinion pursuant to Sentence Four of 42 U.S.C. § 405(g).

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

January 13, 2014
Charleston, South Carolina